UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBRA A. CALVANESE and | | |
| ALPHONSE F. CALVANESE, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 14-14392-MGM |
| BANK OF AMERICA, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS
(Dkt. No. 12)

July 14, 2015

MASTROIANNI, U.S.D.J.

I.     INTRODUCTION

Debra A. Calvanese and Alphonse F. Calvanese ("Plaintiffs") brought this action in state

court against Bank of America ("Defendant") on October 17, 2014.[1] On December 12, 2014,

Defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Following

removal, Defendant filed a motion to dismiss on January 5, 2015. Plaintiffs assert claims for breach

of contract (Count I), violation of M.G.L. c. 93A (Count II), violation of U.S.C. § 1601, the Truth in

Lending Act ("TILA") (Count IV)[2], and fraud (Count V).  For the reasons discussed below, the

court will grant Defendant's motion to dismiss as to the federal law claim asserted in Count IV and

decline to exercise supplemental jurisdiction over the remaining claims.

---

[1] Defendant was not served with the summons and complaint until November 13, 2014. (Dkt. No. 1, Ex. A.)
[2] Plaintiffs' complaint did not set forth any Count III.

## II.    BACKGROUND

The following facts come directly from Plaintiffs' complaint and attached exhibits. On or about June 25, 2013, Plaintiffs, lured by deceptive business practices, purchased a $5,423.00 travel membership from Netrate using their Bank of America Credit Card. (Dkt. No. 1, Ex. A ("Compl.") ¶ 5.) The promised services and/or benefits were never provided and Plaintiffs were never refunded. (Id.) Plaintiffs demanded a refund on July 10, 2013. (Id. ¶ 6.) On July 17, 2013, Plaintiffs wrote to Defendant disputing the $5,423.00 charge to their credit card. (Id. ¶ 7.)

In response to this letter, Defendant issued credit for the disputed charge and notified Plaintiffs on July 29, 2013. (Id. ¶ 8.) The letter indicated Defendant considered the dispute resolved and would forward any relevant documentation received from Netrate. (Id.) Plaintiff learned via telephone conversation with a Defendant representative that Netrate had forty-five days to dispute the chargeback. (Id. ¶ 9.) On October 31, 2013, more than ninety days after the account was credited, Defendant reversed the earlier decision, removed the chargeback from the account, and notified Plaintiffs that "[it was] unable to pursue [the] dispute(s) further." (Id. ¶ 10.) Defendant never provided Plaintiffs with any documentation from Netrate, nor did it request any additional documentation from Plaintiffs. (Id. ¶¶ 10, 11.)

Plaintiffs sent two additional letters to Defendant reiterating their dispute and informing Defendant of actions taken by the Massachusetts Attorney General against Netrate. (Id. ¶ 12.) Defendant replied by letter dated July 7, 2014, informing Plaintiffs the decision remained unchanged, citing compliance with VISA® Chargeback Rules and Plaintiffs' failure to follow Netrate's cancellation policy. (Id. ¶ 13.) Plaintiffs sent another letter on July 14, 2014, but have not received a response. (Id. ¶¶ 14, 15.) In addition, Plaintiffs sent a demand letter to Defendant on August 21, 2014, but no offer of settlement has been received. (Id. ¶¶ 20, 22.)

III.     STANDARD OF REVIEW

When confronted with a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the well-pleaded allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiffs.  See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  A complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

IV.     ANALYSIS

The court will first address Plaintiffs' TILA claim, as it was the basis for removal and, thus, jurisdiction over this action. Because the court concludes that Count IV is subject to dismissal for failure to adequately allege a TILA violation, the court will also decline to exercise supplemental jurisdiction over the remaining state-law claims.

A.  Truth in Lending Act (Count IV)

The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. Rule. Civ. Proc. 8(a)(2)).

Here, the complaint merely alleges that Defendant violated TILA by failing to provide for "fair and timely resolution of credit billing disputes," and "fail[ing] to correct the error within sixty

days of discovery." (Compl. ¶¶ 26-27.) Plaintiffs cite to "15 U.S.C. § 1601 et seq." but they fail to note any specific provision which Defendant allegedly violated.[3] "The trial and appellate courts should not have to guess at the nature of the claim asserted." Brown v. Forensic Health Services, Inc., 2013 WL 6814852 at *4 (D. Mass. Dec. 23, 2013) (quoting Wells v. Brown, 891 F.2d 591, 594). While the court can infer the possibility of misconduct, it can do no more. Moreover, Count IV fails to "give the defendant fair notice of what the…claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), nor does it afford Defendant a "meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir.1995)). In short, the complaint has not shown that the Plaintiffs are entitled to relief under the Truth in Lending Act. See Iqbal, 556 U.S. at 679. Therefore, the court will grant Defendant's motion as to Count IV and dismiss without prejudice Plaintiffs' TILA claim.

B. Remaining State-Law Claims

Because Plaintiffs' failed to sufficiently allege a TILA violation, their only federal claim and the basis for Defendant's removal, the court declines to exercise supplemental jurisdiction over the remaining state-law claims. See Caesars Massachusetts Mgmt. Co., LLC v. Crosby, 778 F.3d 327, 337 (1st Cir. 2015). Rather than dismissing those claims without prejudice, however, the court will remand the case to state court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) ("[A]

---

[3] Plaintiffs point to 15 U.S.C. §§ 1666 and 1666(i) in their opposition brief, and argue the complaint "sufficiently apprises the Defendant of the particular provision of the TILA at issue." (Def. Opp. At 7.) This court disagrees. As the court noted in Brown v. Forensic Health Services, Inc., 2013 WL 6814852, at *4 (D. Mass. Dec. 23, 2013), "[t]he failure to identify a particular legal theory…places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action." (quoting Terrance v. Cuyahoga County, 2005 WL 2491531, at *1 (N.D. Ohio, Oct. 7, 2005)). Plaintiffs could have amended the complaint within twenty-one days of service of the Rule 12(b)(6) motion curing the deficiencies identified by Defendant. See Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs opted to stand by their original complaint; however, the court finds Count IV is facially inadequate.

district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

V.   CONCLUSION

For these reasons, the court ALLOWS Defendant's Motion to Dismiss (Dkt. No. 12) as to Count IV and DISMISSES this claim without prejudice. The court also declines to exercise supplemental jurisdiction over Counts I, II, and V and REMANDS this matter to the Massachusetts District Court Department, Springfield Division.

It is So Ordered.

  _/s/ Mark G. Mastroianni_
MARK G. MASTROIANNI
United States District Judge